UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JAVIER DE LA ROSA, JR., <br> Petitioner, | § <br> § <br> § <br> § | |
| v. | § | Civil Action No. 1:17-cv-0099 |
| | § | |
| LORIE DAVIS, Director, Texas <br> Department of Criminal Justice, <br> Correctional Institutions Division, <br> Respondent. | § <br> § <br> § <br> § <br> § | |

## ORDER ADOPTING MAGISTRATE
## JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the "Magistrate Judge's Report and Recommendation" (Docket No. 86) (hereafter the "R&R") in the above-referenced civil action. In response, Respondent filed "Respondent's Objections to Magistrate's Recommendation with Brief in Support" (Docket No. 89). After a *de novo* review of the record, the R&R is hereby **ADOPTED**, except as provided below. Accordingly, Petitioner's "Petition for a Writ of Habeas Corpus by a Person in State Custody" (Docket No. 1) (hereafter the "2254 Motion") is hereby **GRANTED**.

I.  **FACTUAL BACKGROUND**[1]

Petitioner pleaded guilty to murder March 8, 2012, and a jury sentenced him to 90 years of imprisonment. Petitioner's first appellate counsel, Mr. Reynaldo Garza (hereafter "Mr. Garza"), filed an *Anders* brief and sought to withdraw his representation and Petitioner subsequently filed a *pro se* response. Upon consideration of Mr. Garza's *Anders* brief and Petitioner's *pro se* response, the Thirteenth Court of Appeals (hereafter the "Thirteenth Court") found there to be "arguable appellate issues" with respect to Petitioner's appeal. *See* Docket No. 18-10, at 2-3. As a result, the Thirteenth Court granted Mr. Garza's motion to withdraw, abated the appeal, and remanded the case for appointment of a new appellate attorney. Rebecca RuBane (hereafter "Ms. RuBane") was appointed as Petitioner's new appellate attorney. Ms. RuBane failed to timely file her appellant's brief on behalf of Petitioner despite several extensions and admonishments by the Thirteenth Court. Ms. RuBane

---

[1] All facts herein were obtained from the R&R unless otherwise noted.

1

eventually filed her "Appealant's Breif" (Docket No. 16-3) (errors in original) which described itself as an *Anders* brief, requested withdrawal as Petitioner's counsel, and duplicated the points addressed in Mr. Garza's *Anders* brief without addressing the "arguable appellate issues" identified by the Thirteenth Court. The Thirteenth Court subsequently held Ms. RuBane in contempt and Petitioner filed two *pro se* motions to strike Ms. RuBane's *Anders* brief. The Thirteenth Court ultimately affirmed Petitioner's judgment, granted Ms. RuBane's motion to withdraw, and advised Petitioner that no substitute counsel would be appointed. Petitioner subsequently filed a *pro se* petition for discretionary review (hereafter "PDR") in the Texas Court of Criminal Appeals (hereafter "TCAA") on the primary ground that Ms. RuBane's *Anders* brief failed to address the previously identified "arguable issues" set forth by the Thirteenth Court. The TCAA summarily denied Petitioner's PDR without written opinion. Petitioner subsequently filed a state habeas petition as well as Petitioner's 2254 Motion, which is presently before the Court. The R&R recommends granting Petitioner's 2254 Motion on the basis that he was denied adequate and effective appellate review under the Fourteenth Amendment.

## II. **DISCUSSION**

The crux of Respondent's objections to the R&R is that the identification of "arguable appellate issues" by the Thirteenth Court did not necessitate a merits brief on said issues and Ms. RuBane's representation was constitutionally sufficient. Docket No. 89, at 16-17. A petitioner's constitutional right to counsel and effective representation on appeal was first established in *Douglas v. California*, 372 U.S. 353, 357 (1963). The Supreme Court recognized a limited exception to *Douglas* whereby appellate counsel may request withdrawal upon finding the appeal to be wholly frivolous, subsequent a thorough examination of the record. *Anders v. California*, 386 U.S. 738, 744 (1967). "That request [to withdraw] must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal." *Id.* Upon receipt of a request to withdraw and an accompanying *Anders* brief discussing the arguable issues, "if the court concludes that there are nonfrivolous issues to be raised, it must appoint counsel to pursue the appeal and direct that counsel to prepare an advocate's brief before deciding the merits." *McCoy v. Court of Appeals of Wisconsin., Dist. 1*, 486 U.S. 429, 444 (1988). In other words, an appellant has the constitutional right to counsel until his appeal is determined to be frivolous, and has the right to receive a merits brief (or advocate's brief) for a nonfrivolous appeal. *See Smith v. Robbins*, 528 U.S. 259, 280 (2000). The Supreme Court has clarified, however, that the precise constitutional protections in *Anders* are not binding on the states, and states are free to craft their

2

own frameworks for ensuring adequate appellate review "subject to the minimum requirements of the Fourteenth Amendment." *Id.* at 273.

Under Texas appellate procedure, a Texas court of appeals has two options when a request to withdraw and an accompanying *Anders* brief are filed by appellant's counsel. *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). After reviewing the entire record, the court: "[1] may determine that the appeal is wholly frivolous and issue an opinion explaining that it has reviewed the record and finds no reversible error; or [2] may determine that arguable grounds for appeal exist and remand the cause to the trial court so that new counsel may be appointed to brief the issues." *Id.* (citations omitted). Thus, upon receipt of an *Anders* brief, a Texas state court of appeals is not required to determine whether the appeal is "frivolous" or "nonfrivolous", but rather whether the appeal is "wholly frivolous" or contains "arguable grounds for appeal." *Id.* Under Supreme Court precedent, the distinction is critical in the determination of the *type* of brief new appellate counsel is required to file— as only a finding of a "nonfrivolous" appeal requires a merits brief. *See Smith*, 528 U.S. at 276 (explaining that *Douglas* guarantees the "right to have counsel until a case is determined to be frivolous and to receive a merits brief for a nonfrivolous appeal"). As the *Smith* Court explained, appellate courts may find "arguable" issues to suggest the appeal is "nonfrivolous" and thereby require a merits brief; however, other courts may find "arguable" issues to instead suggest that counsel should have included said issues in their *Anders* brief. *See id.* at 285.

Under Texas appellate procedure, when an appellate court finds "arguable" issues and abates the appeal for the trial court to appoint a new attorney, the appellate court may order the new attorney to specifically submit a merits brief on said issues,[2] or it may permit counsel to examine the record to determine whether the identified arguable issues have merit—if so, counsel would file a merits brief, and if not, counsel would file an *Anders* brief provided said issues were properly addressed therein.[3] In either case, however, "if any of the appellant's *pro se* claims were found to have arguable merit, then his

---

[2] *See In re Schulman*, 252 S.W.3d 403, 409–10 (Tex. Crim. App. 2008) ("If the court of appeals decides that there are any colorable claims for appeal, it will . . . abate the case and send it back to the trial court to appoint a new attorney with directions to file a merits brief.")

[3] *See Perryman v. State*, 159 S.W.3d 778, 779 (Tex. App. 2005) ("Appellant's new counsel should personally review the record to determine what issues should be raised in this appeal, including whether the issue identified by this Court should be raised, and if not, why the issue identified has no arguable merit."). In fact, *Perryman* had identical facts to the instant matter, where the appellate court found "arguable" issues and appointed a new appellate attorney whom filed an *Anders* brief without addressing said issues. *Id.* As a result, the *Perryman* court held "we are required to, by our precedent, again abate this appeal for the appointment of yet another attorney." *Id.*

constitutional rights would require that he be provided with counsel to properly brief those grounds for review." *Garner v. State*, 300 S.W.3d 763, 767 (Tex. Crim. App. 2009).

In the instant matter, the Thirteenth Court found "arguable appellate issues" and instructed as follows:

> A court of appeals has two options when an *Anders* brief and a subsequent *pro se* response are filed. After reviewing the entire record, it may: (1) determine that the appeal is wholly frivolous and issue an opinion explaining that it finds no reversible error; or (2) determine that there are arguable grounds for appeal and remand the case to the trial court for appointment of new appellate counsel. *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). *If the court finds arguable grounds for appeal, it may not review those grounds until after new counsel has briefed those issues on appeal. Id.*

> After our independent review, we conclude that there are "arguable" appellate issues in this case. For instance, appellant has briefed issues pertaining to jurisdiction, the right to appeal, and the completeness of the appellate record. We note that this matter has been plagued by repeated difficulties in assembling the appellate record. We further note that the appellate counsel did not have the entire record when he field his *Anders* brief. We stress that this is not an exhaustive list of arguable issues that could be raised on appeal and, further, that we have not determined that any of these arguments have merit.

Docket No. 18-10, at 3 (emphasis added). Whether the Thirteenth Court intended that newly appointed appellate counsel, Ms. RuBane, file a merits brief on behalf of Petitioner is vigorously contested by the parties, but the answer is not necessary for the Court to resolve the dispute in the instant matter.[4] Even assuming *arguendo* that the Thirteenth Court did not require a merits brief, Texas appellate procedure required, at minimum, that Ms. RuBane brief the "arguable appellate issues" identified by the Thirteenth Court in some form under *Bledsoe, Perryman,* and *Garner*.

As a result, the TCAA's summary denial of Petitioner's claim, despite Ms. RuBane's failure to brief the "arguable" issues in any form, was contrary to Petitioner's clearly established constitutional rights to adequate appellate review under the Fourteenth Amendment. The Supreme Court has directed that an appellate court may not decide the merits of an appeal without the benefit of counsel after finding arguable issues exist. *Penson v. Ohio*, 488 U.S. 75, 83 (1988). "The formal physical presence of an appellate attorney is not appellate counsel." *Lombard v. Lynaugh*, 868 F.2d 1475, 1487 (5th Cir. 1989) (Goldberg, J., concurring). At a minimum, the appellate attorney must provide "a thorough review of

---

[4] Respondent does not contest that ground one in Petitioner's 2254 Motion is the same as ground one from Petitioner's PDR. To the extent that Petitioner's explanation of this claim or the summary of this claim in his PDR and 2254 Motion differ slightly, the Court liberally construes these *pro se* filings as presenting the same ground for relief. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers" (internal citations and quotations omitted)). The crux of ground one in both filings was that the issues identified as "arguable" by the Thirteenth Court were never briefed prior to the determination of said issues on the merits. *Compare* Docket No. 19-3, *with* Docket No. 1.

the record and a discussion of the strongest arguments revealed by that review." *McCoy*, 486 U.S. at 444. The *Anders* Court specifically directed that appellate counsel seeking to withdraw must submit a "brief referring to anything in the record that might *arguably* support the appeal." *Anders*, 386 U.S. at 744 (emphasis added). The Thirteenth Court's identification of "arguable appellate issues" certainly meets the *Anders* threshold. Further, Ms. RuBane's failure to brief said issues and, instead, merely duplicate and recycle Mr. Garza's *Anders* brief was hardly sufficient appellate representation under *Penson, McCoy* and *Douglas. Compare* Docket No. 16-3 *with* Docket No. 16-2. The constitutionality of the Texas appellate procedure under *Bledsoe* is dependent on the requirement that once "arguable appellate issues" are identified by a court of appeals, appointment of counsel is constitutionally necessary for briefing of said issues prior to the court's determination on the merits. *See Garner*, 300 S.W.3d at 767. Thus, after receipt of Ms. RuBane's *Anders* brief that addressed none of the "arguable appellate issues" identified by the Thirteenth Court, the Thirteenth Court's failure to appoint a third appellate counsel, as the Texas appellate court did in *Perryman*, was a violation of Petitioner's clearly established rights to adequate appellate review under the Fourteenth Amendment.

### III. CONCLUSION

It is therefore **ORDERED, ADJUDGED,** and **DECREED** that (i) the R&R is hereby **ADOPTED** to the extent not inconsistent with the foregoing, (ii) "Respondent's Motion for Summary Judgment with Brief in Support" (Docket No. 77) is hereby **DENIED,** and (iii) Petitioner's "Petition for a Writ of Habeas Corpus by a Person in State Custody" (Docket No. 1) is hereby **GRANTED.**

Accordingly, "Petitioner's pro se Motion for Extension of Time to File his pro se Response to the Director's Objections [Dkt. No. 89] to the Magistrate's Report & Recommendation to Grant Relief [Dkt. No. 86]" (Docket No. 90) is hereby **DISMISSED AS MOOT**. The instant matter is hereby **REMANDED** to the 107th Judicial District Court, for reentry of judgment upon which time for Petitioner to file a notice of appeal will begin anew. Upon the appointment of new appellate counsel, it is the express intention of the Court that new appellate counsel specifically address the "arguable appellate issues" identified by the Thirteenth Court along with any additional "arguable" issues in either an advocacy brief, if counsel finds said issues have merit, or an *Anders* brief if said issues lack merit after a full and independent review of the record.

Signed on this 12th day of September, 2018.

_____
Rolando Olvera
United States District Judge